**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRIAN J. SCHELL,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-01326** |
| | ) | |
| **MADISON COUNTY, ILLINOIS,** | ) | |
| **ERIC SCHELLHARDT, and** | ) | **JURY TRIAL DEMANDED** |
| **MARC ASBURY,** | ) | |
| | ) | |
| *Defendants.* | ) | |

### DEFENDANTS' MOTION TO EXCLUDE WITNESS TESTIMONY
### AND DOCUMENTS NOT TIMELY DISCLOSED OR PRODUCED BY PLAINTIFF

COME NOW Defendants, Madison County, Illinois, Eric Schellhardt, and Marc Asbury ("Defendants"), by and through their undersigned attorneys, and pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, move to bar Plaintiff from calling witnesses and using documents at trial that were not disclosed or produced prior to the discovery deadline.

### I.     PRELIMINARY STATEMENT

Plaintiff filed this lawsuit on December 3, 2019. (Doc. 1). On April 10, 2023, a jury trial commenced before the Honorable Judge J. Phil Gilbert in the United States District Court for the Southern District of Illinois. (Doc. 85). Following the testimony of Plaintiff's first witness, the Court declared a mistrial. (Doc. 85). On April 13, 2023, an Order of Recusal was entered reassigning this matter to the Honorable Judge Stephen P. McGlynn for all further proceedings. (Doc. 87).

On May 22, 2023, Plaintiff filed his Supplemental Rule 26(a)(3) Disclosures, identifying the witnesses he intends to call and documents he intends use at trial. (Doc. 91). Specific to this motion, Plaintiff identified one witness (9. Coralyn Beem) and one exhibit (50. Emails between

Plaintiff and Coralyn Beem) that had not been previously disclosed or produced in this litigation. Accordingly, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiff should be prohibited from: (1) calling Coralyn Beem as a witness at trial; and (2) using the documents identified as Exhibit 50 at trial.

## II.     ARGUMENT

### A.     Plaintiff's Newly Disclosed Witness (Coralyn Beem) and Exhibit 50 (Emails between Plaintiff and Coralyn Beem) Are Subject to Exclusion Under Rule 37(c)(1).

Under Rule 26(a)(1)(A), "a party must, without awaiting a discovery request," provide the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Under Rule 26(e), a party who has made initial disclosures or responded to a written discovery, "must supplement or correct its disclosure or response *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The discovery deadline in this case was August 9, 2021. (Doc. 27). Prior to the filing of Plaintiff's Supplemental Rule 26(a)(3) disclosures on May 22, 2023, Plaintiff had never identified or disclosed Ms. Beem to Defendants pursuant to Rule 26(a)(1), Rule 26(a)(3), or in response to Defendants' written discovery requests. Likewise, Plaintiff had never identified or produced the documents contained in proposed Exhibit 50 to Defendants pursuant to Rule 26(a)(1), Rule 26(a)(3), or in response to Defendants' written discovery requests. Finally, Plaintiff did not even produce the documents contained in proposed Exhibit 50 to Defendants until May 23, 2023 – one day after filing his Supplemental 26(a)(3) Disclosures (Doc. 91) at issue. Accordingly, Plaintiff has violated Rule 26(e)(1)(A) by failing to identify these witnesses and documents in a timely manner.

    **B.    Plaintiff's Failure to Timely Disclose Relevant Individuals and Documents Is Not Justified, and Defendants Would Be Prejudiced If Plaintiff Is Permitted to Call Ms. Beem or Use Exhibit 50 at Trial.**

Exclusion under Rule 37(c)(1) is "automatic and mandatory" unless the violating party can show that its violation of Rule 26 "was either justified or harmless." *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000). Four factors guide the Court in determining whether a violation was justified or harmless:

> (1) The prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Each of these factors weigh in favor of exclusion.

Defendants are clearly prejudiced and surprised by Plaintiff's untimely disclosure of Ms. Beem and Exhibit 50. Defendants had no reason to believe that Plaintiff would rely on Ms. Beem's testimony or the documents contained in proposed Exhibit 50 prior to May 22, 2023. Plaintiff

never identified this witness or produced these documents previously in this litigation. Finally, the disclosure of this witness and documents was made more than 21 months following the discovery deadline in this case. Plaintiff's failure to timely disclose such evidence forecloses Defendants ability to depose Ms. Beem or conduct discovery regarding the documents contained in proposed Exhibit 50, which alone, is unfairly prejudicial.

Furthermore, due to Plaintiff's failure to timely disclose Ms. Beem, or produce these documents, there is no way to cure the resulting prejudice to Defendants at this late stage because discovery has closed.

Finally, Plaintiff has no valid explanation for his delay in identifying Ms. Beem as an individual with discoverable information or producing the documents contained in proposed Exhibit 50. The documents listed as proposed Exhibit 50 are emails between Plaintiff and Ms. Beem from the time period of June 5, 2019 to December 30, 2019. Accordingly, Plaintiff was well aware that Ms. Beem possessed discoverable information but failed not to disclose her until May 22, 2023. Moreover, Plaintiff was in possession of these emails since the very inception of this lawsuit and chose not to produce them, despite being relevant to his claims and responsive to Defendants' written discovery requests.

### III.    CONCLUSION

Considering the foregoing, the Court should enter an order: (1) prohibiting Plaintiff from calling Coralyn Beem as a witness at trial; and (2) prohibiting Plaintiff from using the documents identified as Plaintiff's Exhibit 50 (Emails between Plaintiff and Coralyn Beem) at trial.

WHEREFORE, Defendants respectfully request the Court enter an order granting its motion and prohibiting Plaintiff from calling the untimely disclosed witness at trial and using the untimely disclosed documents at trial.

FORDHARRISON LLP

/s/ *Heidi L. Eckert*
Heidi L. Eckert, #6271612
Matthew B. Banocy, #6331743
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0300 - *Phone*
(314) 257-0321 - *Facsimile*
Heckert@fordharrison.com
mbanocy@fordharrison.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 5, 2023, served a true and correct copy of the foregoing via the Court's e-filing system upon the following:

Brian L. Polinske, Esq.
Polinske & Associates
701 North Main Street
Edwardsville, IL 62025
polinske@sbcglobal.net
*Attorney for Plaintiff*

/s/ *Heidi L. Eckert*